**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4909**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AREENA MYERS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:16-cr-00068-1)

Submitted: August 20, 2019                    Decided: August 22, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Timothy J. LaFon, CICCARELLO, DEL GIUDICE & LAFON, Charleston, West Virginia, for Appellant. Philip Henry Wright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Areena Myers pleaded guilty in 2016 to one count of aiding and abetting the possession of heroin with intent to distribute, see 18 U.S.C. § 2 (2012); 21 U.S.C. § 841(a)(1) (2012), and was sentenced to time served and three years of supervised release. In March 2017, after Myers admitted to five violations of her supervised release conditions, the district court revoked her supervision and sentenced her to eight months in prison followed by three years of supervised release.

Myers subsequently again admitted to violating the conditions of her supervised release and the district court revoked her supervision and sentenced her to 16 months in prison. Myers appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether Myers' sentence is unreasonable because it exceeded the policy statement range. Myers was advised of her right to file a pro se supplemental brief but has not done so. We affirm.

Counsel questions whether the district court imposed an unreasonably long sentence, citing Myers' drug dependency, her treating physician's opinion that incarceration would worsen Myers' post-traumatic stress disorder, and the fact that the policy statement range already reflected Myers' failure to follow conditions of her supervised release. We review a sentence imposed upon revocation of supervised release deferentially and will affirm the revocation sentence if it is within the statutory range and not plainly unreasonable. *See United States v. Slappy*, 872 F.3d 202, 206-07 (4th Cir. 2017). In this case, the district court's revocation sentence was within the statutory range

2

and not unreasonable. The district court considered Myers' arguments for a shorter sentence and noted that its 16-month sentence was above the policy statement range but adequately explained its decision, citing Myers' repeated violations of the court's trust and observing that its previous, less-severe punishments had not deterred Myers from violating her release conditions. *See Slappy*, 872 F.3d at 207-08 & n.1.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review. If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Myers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*